LIEGHLEY, J.
George C. Hoffman, hereafter designated as defendant, was arrested upon .an affidavit filed in the municipal court of Cleveland, charging him with the crime of unlawfully operating a motor vehicle while in a state of intoxication, under Sec. 12628-1-G. C., tried, convicted and sentenced to thirty days imprisonment in the county jail and to pay a fine.of $50 and costs. Error is .prosecuted to this court to reverse the judgment below, challenging the jurisdiction of said court for the reason that the record does not disclose that the accused waived a jury. The record is silent upon the subject of a jury. Whether a jury was demanded by the accused or whether the accused refused to waive a trial by jury is not disclosed.
It is urged by counsel for the defendant that this is a jurisdictional fact, and the record being silent on the subject of a jury, it fails to disclose the jurisdiction of the court below to try, convict and sentence said defendant.
An examination of the statutes is necessary in an investigation and decision of this question.
Jurisdiction in criminal matters is conferred upon the municipal court of Cleveland, Ohio, by the following section:
“Section 1579-12. The municipal court shall have jurisdiction of all misdemeanors and of all violations of city ordinances of which police courts in municipalities now- have or may hereafter be given jurisdiction. In felonies the municipal court shall have the powers which police courts in municipalities now have or may hereafter be given.”
.It. will be noticed that the court is given jurisdiction in misdemeanors and violation of ordinances in the first sentence. The second sentence relates to. the jurisdiction of the court as an examining magistrate..
The jurisdiction of police courts referred to in the above section -is provided by the following section:
“Section 4577. The police court shall have jurisdiction of, and to hear, finally determine, and to impose the. prescribed penalty for, any offense under any ordinance of the city and of any misdemeanor committed within the limits of the city, or within four miles thereof. The jurisdiction of such court to *129 make inquiry in criminal eases shall be the same as that of a justice of the peace. Cases in which the accused is entitled to a jury trial, shall be so tried, unless a jury be waived. ’ ’
It will be noticed that the first sentence in this section confers jurisdiction upon the police court to hear, finally determine and impose the penalty for any offense under the ordinances of the city, and of anj^- misdemeanor. The second sentence relates to the jurisdiction of the police judge as an examining magistrate. The third sentence necessarily relates to the first sentence in respect to a jury trial.
The practice and procedure and the manner and extent of exercising the same is provided for in the following section:
“Section 1579-20. In all criminal cases and proceedings the practice and procedure and mode of bringing and conducting prosecutions for offenses, and the powers of the court in relation thereto, shall be the same as those which are now, or may hereafter be, possessed by police courts in municipalities.”
The following section specifics that the court shall exercise the jurisdiction of the municipal court unless a jury be demanded by the accused:
‘ ‘ Section 1579-24. All causes in the municipal court shall be tried to the court unless a jury trial be demanded by a party. The time for making a demand for a jury trial may be fixed and limited by rule of court. In all civil actions, where a jury is demanded, it shall be composed of six lawful men, having qualifications of electors, unless the parties agree on a less number. Provided, however, that any party may demand a jury of twelve men. In all actions and proceedings of which police courts in cities have or may be given jurisdiction, where a jury ma3r be and is demanded, it shall be composed of twelve lawful men having the qualifications of electors. In all civil actions a jmy shall render a verdict upon the concurrence of three-fourths or more of their number. Whenever over three-fourths of the jury, as herein provided, shall not consist of an integral number, the next highest number shall be construed to represent three-fourths of such jury.”
It will be observed that the first sentence of this section coil *130 fers jurisdiction upon the court to try all causes unless a jury trial be demanded by a party. The second sentence states that the time for making a demand may be fixed by the rule of court. The third and fourth sentences relate to civil causes. The fifth sentence applies to criminal causes, and provides that a jury of twelve men shall constitute a lawful jury in the event the accused exercises his option to demand a jury. The remaining sentences apply to civil causes.
The authorities cited, with others examined by the court, may be grouped into the following classes:
First. Those in which the courts reviewed the transcript of a justice of the peace.
Second. Those in which the courts reviewed the records of courts of record. •
Under the first classification the following cases were cited or examined by the court: Simmons v. State, 75 Ohio St. 346 [79 N. E. 555; 9 Ann. Cas. 260]; Edminston v. Edminston, 2 Ohio, 251; Robbins v. Clemens, 41 Ohio St. 285; Jones v. Toledo & Ohio Central R. R. Co. 10 Circ. Dec. 789 (20 R. 63); Chapman v. Seely, 4 Circ. Dec. 395 (8 R. 179-186); Uihlein v. Gladeaux, 74 Ohio St. 232 [78 N. E. 363].
The following cases are those which were cited or examined by the court in which the court reviewed the records of courts of record appertaining to this question: Dailey v. State, 4 Ohio St. 57; Billigheimer v. State, 32 Ohio St. 435; Evans v. State, 23 O. C. C. 103 (3 N. S. 23), affirmed, no opinion, 68 Ohio St. 700; In re George Hildebrand, 33 O. C. C. 638 (15 N. S. 187); Petri v. State, 36 O. C. C. 331 (25 N. S. 255).
In the case of a review of the transcript of a justice of the peace, the authorities are unanimous that the facts necessary to eonfer jurisdiction upon the trial court must affirmatively appear upon the transcript. This is the unanimous holding of the courts in the cases cited under the first class.
An examination of the authorities above referred to in the second class mil disclose that it is the unanimous holding of the courts that the record of a court of record need not necessarily disclose that the accused waived or failed to demand a *131 trial by jury, with the exception of the cases In re Hildebrand, supra, and Petri v. State, supra.
Defendant urges that Simmonds v. State, supra, is decisive of this case, relying on the language in the opinion at pages 351 and 352. This was a trial by a justice of the peace, and the language used by the court is clearly referable to the facts of that case. The court holds that the «waiver must affirmatively appear upon the record. Observe the language of the court at page 353: “This conclusion is not in conflict with Dailey v. State, supra, or Billigheimer v. State, supra. Both of these cases having been prosecuted under statutes which conferred upon the court jurisdiction to try the complaint, if the defendant did not demand a jury trial, are clearly distinguishable from the case at bar. ’ ’
It was urged by counsel that the case of Billigheimer v. State, supra, although apparently decisive of this question, should not be regarded as an authority for the reason that the crime charged in that case was not one in which imprisonment was a part of the penalty, and that therefore what was said by the court upon the question here involved is obiter dictum. Conceding the claim of counsel that the crime charged was a misdemeanor with only a fine imposed as a penalty, yet the record reviewed by the court was from the police court of Cincinnati, and we think what the court decided in respect to that record should be regarded as the law of the state. Although the record is silent as to a jury, the court definitely decides that, unless the record shows that the defendant demanded a jury, he will be deemed to have waived it. On page 441 the court says:
“The only question, therefore, is, did the defendant waive his right. As has been said, the record indicates nothing on the subject. It merely shows that when the court ordered the plea of not guilty filed, the cause proceeded and evidence was heard. It does not show that defendant demanded a jury, nor that he excepted to proceeding without one. This failure to. avail himself of his rights must be held to be a giving of consent.”
Further quoting from page 443:
“We think a defendant may waive his rights impliedly as well as expressly, and if he remains silent when by speaking he *132 could have obtained what he desired, it is too late to complain after his cause has proceeded to final adjudication.”
The probate court is given jurisdiction to try the accused “if the-defendant does not demand a trial by jury.” Dailey v. State, supra. The juvenile court act has a similar provision. In the case at bar, it is not claimed that the court below did not have jurisdiction of the person and of the subject-matter. By Sec.'24 of the act, jurisdiction is expressly conferred upon the court to hear the cause. Option is given to the accused to demand a jury. So long as a trial by jury is provided for the accused and a trial by jury is available to him, the constitutional guaranty of a right of trial by jury is preserved inviolate. Quoting from page 28, Evans v. State, supra:
“So we have a ease where the court had jurisdiction of the crime and of the person, and a court that is a court of record; and, therefore, the general rule may be invoked,-that in a court of record where jurisdiction is shown, it will be presumed that all the necessary proof was made or things done in order to enable the court to arrive- at the judgment at which it did arrive, unless the contrary is shown; that is to say, it may be said that the principle should be invoked in favor of the waiver of a jury. The court will presume that a jury was waived, unless by a proper bill of exceptions it is shown that the party demanded his right to a trial by jury, or unless it is shown that he refused to waive his right, which amounts to the same thing.”
The facts of the case last above referred to are identical with the case at bar, excepting that the record under review was from the police court cf the- city of Toledo. In this case the record is of the municipal court of Cleveland, with reference to which sub-section 24 of the act expressly provides that the court shall try the cause, which is substantially the same as the probate court and juvenile court acts.. Said Sec. 24 specifically designates who shall exercise the jurisdiction of the municipal court.’ ‘ - • - -
It is claimed that Secs. 12, 20 and 24 of the municipal court act of Cleveland are inconsistent and repugnant. With this claim we are unable to agree. Section 12 by reference defines what the • jurisdiction of the municipal court is in criminal *133 matters. Section 20 by reference prescribed wbat practice and procedure and the nature and extent of the same shall -be pursued and adopted. Section 24 defines who shall exercise that jurisdiction.
• We think that Billigheimer v. State, supra, Dailey v. State, supra, and Evans v. State, supra, affirmed by the Supreme Court in 68 Ohio St. 700, fix the law of this state upon the question involved in this lawsuit.
We hold, therefore, that when a misdemeanor is prosecuted in a court of record upon which jurisdiction is conferred by statute to try the complaint, unless the accused shall demand a jury, and the record of the trial upon review is silent as to whether the accused demanded or expressly waived a jury trial, the accused will be deemed to have waived a trial by jury.
For these reasons, upon rehearing, the former judgment of reversal of this court is hereby vacated, and the judgment' of the court below is hereby affirmed, with costs assessed against the plaintiff in error.
©rant and Carpenter. JJ., concur.